# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3827
_____

United States of America

*Plaintiff - Appellee*

v.

Carlos Armando Zazueta-Arrellano

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska
_____

Submitted: June 17, 2022
Filed: August 11, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Carlos Armando Zazueta-Arrellano moved to suppress evidence of firearms and drug paraphernalia that law enforcement discovered when arresting a fugitive at Zazueta-Arrellano's house. Zazueta-Arrellano argued law enforcement's "protective sweep" of his house, which revealed the challenged evidence, was

unconstitutional. The district court[1] disagreed and denied Zazueta-Arrellano's motion to suppress. Zazueta-Arrellano conditionally pled guilty to possessing firearms as a person unlawfully present in the United States, *see* 18 U.S.C. § 922(g)(5)(A), and was sentenced to 30 months of imprisonment. He now appeals. Because we agree that law enforcement's protective sweep complied with the Fourth Amendment, we affirm.

## I. Analysis

We review de novo the district court's conclusion that the protective sweep of Zazueta-Arrellano's house was permissible. *See United States v. Waldner*, 425 F.3d 514, 517 (8th Cir. 2005). Under the Fourth Amendment, police officers who arrest someone at a residence may conduct "a quick and limited search of [the] premises . . . to protect the safety of police officers or others." *United States v. Waters*, 883 F.3d 1022, 1026 (8th Cir. 2018) (quoting *Maryland v. Buie*, 494 U.S. 325, 327 (1990)). To conduct such a "protective sweep" without a search warrant, the searching officer must reasonably believe, "based on specific and articulable facts . . . [and] the rational inferences from those facts," that the residence harbors an individual posing a danger to those on the scene. *United States v. Alatorre*, 863 F.3d 810, 813 (8th Cir. 2017) (emphasis omitted) (quoting *Buie*, 494 U.S. at 327). Although a protective sweep "may extend only to a cursory inspection of those spaces where a person may be found," *Waldner*, 425 F.3d at 517 (quoting *Buie*, 494 U.S. at 335), "[d]uring a properly limited protective sweep, the police may seize an item that is in plain view if its incriminating character is immediately apparent." *United States v. Green*, 9 F.4th 682, 691 (8th Cir. 2021) (quoting *United States v. Green*, 560 F.3d 853, 856 (8th Cir. 2009)).

---

[1]The Honorable Robert F. Rossiter, Jr., then United States District Judge for the District of Nebraska, now Chief Judge, adopting the findings and recommendation of the Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

Zazueta-Arrellano argues law enforcement's protective sweep violated the Fourth Amendment because the searching officers did not reasonably believe an individual inside his house threatened their safety. Zazueta-Arrellano concedes that law enforcement knew an individual was inside his house when they conducted the protective sweep, but he denies law enforcement had sufficient reason to believe this individual was dangerous. We disagree.

At an evidentiary hearing on Zazueta-Arrellano's motion to suppress, Investigator Dail Fellin, who conducted the protective sweep, articulated sufficient, specific facts to justify the protective sweep. Fellin testified law enforcement had observed four individuals enter the house, including Jesus Miranda, the fugitive whom officers sought to arrest. Yet only three individuals, including Miranda and Zazueta-Arrellano, emerged when officers commanded everyone inside the house to exit. Fellin also testified law enforcement had received information that there were weapons in the house and that an assault had occurred inside. He explained that officers arresting Miranda were concerned for their safety because the fourth individual did not come out along with the others and potentially had access to weapons in the house. Given Investigator Fellin's testimony, we agree with the district court's conclusion that law enforcement reasonably believed an individual inside Zazueta-Arrellano's house posed a danger to those on the scene. Thus, we hold law enforcement's protective sweep complied with the Fourth Amendment.

## II. Conclusion

We affirm the judgment of the district court.

_____